IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| RICHARD HENRY CONVERSE,<br><br>Plaintiff,<br><br>vs.<br><br>BARACK OBAMA and JACOB LEW,<br><br>Defendants. | CV-15-37-GF-BMM-JTJ<br><br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Richard Converse, appearing pro se, filed a Motion to Seal his entire case and a Complaint on May 5, 2015. Docs. 1-2. In a May 20, 2015 Order, the undersigned denied Mr. Converse's motion to seal and ordered Mr. Converse either to: (1) file a notice acknowledging that the case will be unsealed and all the documents he has submitted will be available to public access; or (2) file a notice of voluntary dismissal under Federal Rule of Civil Procedure 41. Mr. Converse was directed to file his notice by May 25, 2015. The Court specifically warned Mr. Converse that if he failed to submit such a notice, the undersigned would recommend his Complaint for dismissal. Doc. 3. He failed to respond to the Order. On May 27, 2015, the undersigned issued an Order to Show Cause, requiring Mr. Converse to show cause why this matter should not be recommended for dismissal with prejudice for failure to prosecute and failure to comply with a court order. Mr. Converse was directed to respond to the Order by June 12, 2015.

Doc. 4. The Court again warned Mr. Converse that if he failed to timely comply with the Order, his action might be dismissed. Mr. Converse has failed to respond to the Order.

The Court may dismiss a claim for failure to prosecute or failure to comply with a court order pursuant to Rule 41(b) if it determines that dismissal is warranted after weighing the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992)).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Ca. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Given Mr. Converse's failure to respond to the Court's prior Orders, this factor weighs in favor of dismissal.

"The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 990). The Court has expended, and continues to expend, resources dealing with this matter despite Mr. Converse evincing no intention to pursue his claims. The Court must be able to

manage its docket; it cannot do so if Mr. Converse refuses to communicate with the Court.

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987). Defendants have not yet been served in this case, and thus, there is no immediate prejudice. But given Mr. Converse's failure to respond, the matter could linger indefinitely and prejudice Defendants.

The Court has considered the possibility of and provided less drastic alternatives. The Orders of the Court warned Mr. Converse that his failure to respond to the Court's Orders would result in a recommendation of dismissal. Such a warning can itself meet the requirement that alternatives to dismissal be considered. *In re Phenylpropanolamine Product Liability Litigation*, 460 F.3d 1217, 1229 (9th Cir. 2006) (citing *Estrada v. Speno & Cohen*, 244 F.3d 1050, 1057 (9th Cir. 2001)).

These factors, despite the public policy favoring the disposition of cases on their merits (*see Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)), cause the undersigned to determine that dismissal is appropriate in this instance.

Therefore, pursuant to Federal Rule of Civil Procedure 41(b),the

undersigned issues the following:

## RECOMMENDATIONS

(1) This matter should be **DISMISSED WITH PREJUDICE** for the failure of Mr. Converse to obey the Court's Orders and signify his intent to prosecute this action. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

(2) The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this 17th day of June, 2015.

_____
John Johnston
United States Magistrate Judge