IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION



FILED

JUL 0 2 2015

Clerk, U.S. District Court
District Of Montana
Great Falls

| | |
|---|---|
| RICHARD HENRY CONVERSE,<br><br>Plaintiff,<br><br>vs.<br><br>BARACK OBAMA and JACOB LEW,<br><br>Defendants. | CV 15-37-GF-BMM<br><br>ORDER ADOPTING FINDINGS<br>AND RECOMMENDATIONS OF<br>MAGISTRATE JUDGE |

## I.   SYNOPSIS

United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on June 17, 2015. (Doc. 5). Plaintiff Richard Henry Converse filed no objections. When a party makes no objections, the Court need not review *de novo* the proposed findings and recommendations. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1986). This Court will review Judge Johnston's Findings and Recommendations, however, for clear error. *McDonnell Douglas Corp. v. Commodore Business Machines Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

## II.   BACKGROUND

Converse filed a complaint and a motion to seal his case on May 5, 2015. (Docs. 1, 2). Judge Johnston denied Converse's motion to seal. (Doc. 3). Judge Johnston further ordered Converse to either file a notice acknowledging that his

1

case will be unsealed and publically accessible, or file a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41 by May 25, 2015. *Id.* The Court informed Converse that failure to file a notice would result in a recommendation for dismissal. *Id.* Converse failed to file a notice by May 25, 2015.

Judge Johnston ordered Converse to show cause why this case should not be recommended for dismissal with prejudice for failure to prosecute and failure to comply with a court order on May 27, 2015. (Doc. 4). Judge Johnston directed Converse to respond to the show cause order by June 12, 2015. *Id.* The Court again warned Converse that failure to timely comply may result in a recommendation for dismissal. *Id.* Converse also failed to file a response by June 12, 2015.

Judge Johnston recommends that the Court dismiss this matter with prejudice based on Converse's failure to obey the Court's orders and signify his intent to prosecute this action. (Doc. 5). Judge Johnston also recommends that the Clerk of Court close this matter and enter judgment pursuant to Fed. R. Civ. P. 58, and have the docket reflect that the Court certifies pursuant to Fed. R. App. P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. *Id.*

### III. ANALYSIS

The Court finds no clear error and Judge Johnston's Findings and Recommendations, and adopts them in full. Dismissal of this case is appropriate.

The Court may dismiss a claim for failure to prosecute or failure to comply with a court order. Fed. R. Civ. P. 41(b). The Court must weigh certain factors in determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

The first factor assesses the public's interest in the expeditious resolution of litigation. *Yourish v. Ca. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The public's interest in expeditious resolution generally favors dismissal. *Yourish*, 191 F.3d at 990. This factor favors dismissal based on Converse's failure to respond to prior court orders.

The second factor considers the Court's need to manage its own docket. *Pagtalunan*, 291 F.3d at 642. It is incumbent on the Court to manage its own docket without being subject to routine noncompliance of litigants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). This factor favors dismissal given the resources the Court has expensed in dealing with this matter and the absence of evidence indicating Converse's intent to pursue his claims. *Id.*

The third factor evaluates the risk of prejudice to defendants. *Pagtalunan*, 291 F.3d at 642. The risk of immediate prejudice to the defendants is minimal as they have not yet been served in this matter. Converse's failure to respond prejudices the defendants by postponing resolution of the matter for an indefinite

period of time. *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987). This factor favors dismissal.

The fourth factor weighs the availability of less drastic alternatives. *Pagtalunan*, 291 F.3d at 643. This Court previously advised Converse that failure to respond or comply may result in dismissal. This warning satisfies the requirement that the Court consider alternatives. *In re Phenylpropanolamine Product Liability Litigation*, 460 F.3d 1217, 1229. This factor favors dismissal.

The fifth factor assesses the public policy favoring disposition of cases on their merits. *Pagtalunan*, 291 F.3d at 643. Public policy favors the dismissal of cases on their merits. *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). This factor weighs against dismissal.

## IV.   CONCLUSION

Four factors weight in favor of dismissal and one factor weighs against. The Court determines that dismissal of this matter pursuant to Fed. R. Civ. P. 41(b) is warranted based on Converse's failure to prosecute and failure to comply with the orders of the Court.

**IT IS HEREBY ORDERED**:

1.   Judge Johnston's Findings and Recommendations (Doc. 5) is ADOPTED IN FULL.

4

2. Plaintiff Richard Henry Converse's Complaint (Doc. 1) is DISMISSED WITH PREJUDICE pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and comply with the Court's orders.

2. The Clerk of Court shall close this matter and enter judgment pursuant to Fed. R. Civ. P. 58.

3. The Clerk of Court also shall have the docket reflect that the Court certifies pursuant to Fed. R. App. P. 24(a)(3)(A) that any appeal of this decision will not be taken in good faith.

DATED this 2nd day of July, 2015.

*/s/ Brian Morris*
Brian Morris
United States District Court Judge